1  MICHAEL M. VASSEGHI (SBN 210737)
   michael.vasseghi@roll.com
2  ROLL LAW GROUP PC
   11444 West Olympic Boulevard
3  Los Angeles, California 90064-1557
   Telephone:  (310) 966-8400
4  Facsimile:  (310) 966-8810

5  Attorneys for Plaintiffs FIJI Water
   Company LLC and Fiji Water Company
6  PTE LTD

7

8                **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | FIJI WATER COMPANY LLC, a | Case No.  **'23CV2322 LL   AHG** |
   | Delaware limited liability company; FII | |
12 | WATER COMPANY PTE. LTD., a | **COMPLAINT FOR:** |
   | Singaporean company Limited by | |
13 | Shares, | 1)  **VIOLATION OF THE LANHAM** |
   | | **ACT SECTION 32;** |
14 |              Plaintiffs, | 2)  **VIOLATION OF THE LANHAM** |
   | | **ACT SECTION 43;** |
15 |       vs. | 3)  **TRADEMARK DILUTION;** |
   | | 4)  **UNFAIR COMPETITION** |
16 | KEVIN DEAN MORRISON d/b/a FIJI | **UNDER CALIFORNIA** |
   | COFFEE CO., a South Dakota | **BUSINESS & PROFESSIONS** |
17 | Company, and DOES 1-10, inclusive, | **CODE SECTION 17200 ET SEQ.** |
18 |              Defendants. | **DEMAND FOR TRIAL BY JURY** |

19

20

21

22

23

24

25

26

27

28

Plaintiffs FIJI Water Company LLC and Fiji Water Company PTE LTD hereby allege as follows:

## PARTIES

1.      Plaintiff FIJI Water Company LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California.  Fiji Water Company LLC and its affiliates produce and market bottled water from the islands of Fiji under the FIJI® brand, and distribute this bottled water product worldwide, including in the United States and Southern California.

2.      Plaintiff Fiji Water Company PTE LTD is a Singaporean company, limited by shares, doing business in California.  Fiji Water Company PTE LTD is an affiliate of FIJI Water Company LLC, and is the owner of the trademarks used in connection with the FIJI® brand at issue in this case.

3.      Plaintiffs FIJI Water Company LLC and Fiji Water Company PTE LTD are hereinafter collectively referred to as "FIJI" or "Plaintiffs."

4.      Defendant is Kevin Dean Morrison d/b/a FIJI Coffee Co., a South Dakota Company doing business in California.  On information and belief, FIJI alleges that Kevin Dean Morrison is involved in the import and sales of coffee and coffee-based products with the United States.

5.      FIJI is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants.  FIJI will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

6.      Kevin Dean Morrison d/b/a FIJI Coffee Co. and the Doe Defendants are hereinafter collectively referred to as "Defendants."

7.      FIJI is informed and believes, and based thereon alleges, that Defendants were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by FIJI as alleged hereinafter.  FIJI is also

1

1  informed and believes, and based thereon alleges, that while participating in such
2  acts, each Defendant was the agent, principal, and/or alter ego of the other
3  Defendants, and was acting in the course and scope of such agency and/or acted
4  with the permission, consent, authorization or ratification of the other Defendants.

5      8.    As described further below, FIJI is informed and believes, and based
6  thereon alleges, that Defendants conduct business and distribute their product in
7  California and within this Court's jurisdiction in Southern California and the greater
8  San Diego area.

9                    **JURISDICTION AND VENUE**

10     9.    This action arises under Sections 32 and 43 of the Lanham Act, as
11  amended, and California Business and Professions Code Section 17200 *et seq.*  This
12  Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. Section
13  1121 (trademark claims under the Lanham Act), 28 U.S.C. Section 1331 (federal
14  question), and 28 U.S.C. Section 1338 (unfair competition related to trademark
15  claims).

16     10.    FIJI is informed and believes, and based thereon alleges, that venue is
17  proper in this District pursuant to 28 U.S.C. Sections 1391(b) and 1391(c) because
18  Defendant Kevin Morrison resides in San Diego and a substantial part of the events
19  giving rise to the claims occurred in this District.  Additionally, FIJI is informed and
20  believes, and based thereon alleges, that the Court has personal jurisdiction over
21  Defendants because Defendants conduct their ordinary business in this District, have
22  focused a substantial portion of their unlawful conduct in San Diego County within
23  this District, have distributed, and sought to distribute, infringing products in this
24  District, and generally engage in business in this District and the greater San Diego
25  area.
26  ///
27  ///
28  ///

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### FIJI® BRAND BOTTLED WATER AND EARTH'S FINEST WATER®

11.     FIJI produces, markets, sells and distributes bottled water worldwide in connection with its highly distinctive FIJI® brand water and has been doing so for over 20 years.  FIJI began bottling, selling and marketing natural artesian mineral water from the Fijian Islands under its FIJI® brand in 1996.

12.     FIJI® brand water created the existing market for bottled water coming from the Fijian Islands.

13.     Consumers are drawn to bottled water due to increased health consciousness and the convenience of water in a handy container. To respond to this demand, hundreds of bottled water brands have been created and compete for consumer attention and purchase.

14.      FIJI® brand water is a unique and premium bottled water. Its journey begins in the clouds.  As tropical rain falls, it filters through layers of volcanic rock on the main island of Viti Levu in the Republic of Fiji.  These islands are protected by over 1,500 miles of open Pacific Ocean from the nearest continent and are remarkably free of intrusive industry and the problems of acid rain, pesticides and detergents that plague so much of the rest of the world. This pristine condition and lack of any industrial process impacting the water makes FIJI® brand water a premium and unique bottled water.

15.      FIJI® brand water is bottled at its source:  the bottling plant is situated atop the aquifer and the bottles are created and filled in this facility.

16.     In 2014, FIJI adopted and began using the EARTH'S FINEST WATER® trademark on or in connection with its water bottles.  It is a central component of the FIJI® brand.  FIJI obtained trademark registration in 2016 for this mark as well.   The FIJI® and EARTH'S FINEST WATER® trademarks will collectively be referred hereto as the "FIJI® Marks".

17.     Copies of the federal trademark registrations for the FIJI® Marks issued

by the United States Patent and Trademark Office are attached hereto as Exhibit A.

18.     Defendants had constructive notice of FIJI's rights in their federally registered trademarks under 15 U.S.C. Section 1072, which states that "[r]egistration of a mark on the principal register provided by this Act or under the Act of March 3, 1981, or the Act of February 20, 1905, shall be constructive notice of the registrant's claim of ownership thereof."

19.     On December 5, 2023 counsel for FIJI sent Defendant Kevin Morrison a cease and desist letter, informing him of FIJI's ownership of the FIJI® Marks and requested Morrison to cease such use.  Morrison refused and stated that "if you want to fight me, see you in court."  Therefore, Morrison also had actual notice of FIJI's ownership of the FIJI® Marks.

20.     Because bottled water is considered a "fast moving" consumer good and because of its wide distribution and low cost, consumers are likely to make purchases of bottled water quickly.  For this reason, FIJI spent a considerable sum of money developing the FIJI® brand and utilizing the EARTH'S FINEST WATER® mark on and in connection with its product.  The FIJI® Marks are recognized as a source-identifier of FIJI® brand water.

21.     The FIJI® Marks are inherently distinctive.   In the alternative, because of FIJI's exclusive and extensive use of the FIJI® Marks, they have acquired considerable value and have become extremely well known to the consuming public as identifying and distinguishing FIJI exclusively, and uniquely, as the source of its products.  As such, the FIJI® Marks have acquired secondary meaning and distinctiveness.

22.      By virtue of being on the Federal Register for more than five years, The FIJI® Marks have become incontestable, and therefore cannot be challenged for being generic.

23.     FIJI® brand water has become the best-selling imported brand of bottled water in the United States, having sold over 3.5 billion bottles of water to

date.  FIJI also has built substantial goodwill in connection with its FIJI® brand in both the U.S. and other countries.

24.     FIJI has also pursued direct marketing efforts to grocery, gourmet food, health food, and other specialty stores, delicatessens, restaurants, hotels, museums, movie theatres, nightclubs, and health clubs throughout the world.

25.     FIJI's philosophy is to support worthwhile local community efforts and simultaneously share advice about healthy water.  In addition to advertising and direct marketing, FIJI sponsors many important and high-profile charity events and contributes a portion of revenues from the sale of its FIJI® brand water to educational programs, scholarships, and infrastructure improvements in the Fijian Islands.

26.     On October 27, 2004, former Secretary of State Colin Powell presented the 2004 Award for Corporate Excellence to FIJI in Washington, DC.  The award recognizes U.S. firms for their outstanding corporate citizenship, innovation and exemplary business practices, and for exhibiting the qualities of conscience, character and integrity.

27.     In connection with the marketing of FIJI® brand water in the United States, FIJI also arranges for strategic placement of the unique FIJI® brand water bottle and label design in television shows and motion pictures.  This product placement is part of FIJI's strategy to establish and maintain in the mind of consumers that FIJI® brand water is a status product.

28.     The FIJI® brand water bottle has appeared in numerous popular television shows, including "The Newlyweds," "Desperate Housewives," Road Rules," "Real World," "CSI," "CSI: New York," "Boston Legal," "Just Shoot Me," "Nip Tuck," "Law & Order: SVU," "The Sopranos," "Will & Grace," "West Wing," "Everybody Loves Raymond," "Friends," "24," "The O.C.,"  "Sex and the City," "Grey's Anatomy," "House," "The Apprentice," "The Hills," "Two and a Half Men," "Keeping up with the Kardashians," "Entourage," "Project Runway," "The

Office," "Lipstick Jungle," "Who Wants to be a Millionaire," and "John and Kate plus Eight."

29.   The FIJI® brand water bottle has appeared in many major motion pictures, including "The Thomas Crowne Affair," "Paycheck," "Dodgeball," "Matchstick Men," "Anacondas," "Kill Bill Vol. 2," "Saving Silverman," "Along Came Polly," "Barbershop," "Beauty Shop," "50 First Dates," "Legally Blonde 2," "Hostage," "The Ring 2," "Fun With Dick And Jane," "The War Of The Worlds," "Yes, Man," and "17 Again."  President Obama was photographed drinking FIJI® during the United States Presidential election.

30.   For the past several years, FIJI has run television commercials across many of the major cable networks and continues to do so.  It has even run commercials during the Super Bowl.

31.   FIJI® brand water is advertised on a variety of social media platforms, including Facebook, Instagram, and X (formerly, Twitter).  FIJI's Facebook page has recorded almost seven hundred thousand "likes."   FIJI utilizes brand influencers to promote its brand on social media sites.

32.   FIJI® brand water has appeared in mainstream culture in a variety of ways.  President Obama was photographed drinking FIJI® brand water during the 2008 United States Presidential election.  In November 2017 President Trump sipped FIJI® brand water during a press conference.  The manner in which he drank from the bottle, became a much talked about moment.  The video of President Trump's "awkward water moment" has been viewed on YouTube more than 2.3 million times.

33.   Hip-Hop Artist and Fashion Designer, Kanye West, was the musical guest on "Saturday Night Live" in September 2018 he had Rapper Lil Pump on with him to perform "I Love It" while wearing a FIJI Water bottle costume.

34.   FIJI® brand water is so prevalent in our society that it has also left its mark in the music industry.  In 2019 during the "Bottle Cap Challenge," Singer

Lizzo made her attempt using a FIJI Water bottle and posted to her Instagram account. This video was then picked up by additional outlets such as Billboard, Harper's Bazaar and Yahoo!.

35.     In 2017, the electronica synth-pop band, Owl City - best known for their six-time Platinum hit single "Fireflies" - wrote a song in which FIJI® brand water was called out in the song's chorus.  In fact, the song is entitled "FIJI Water". The official video of the song has been viewed more than 2.5 million times on YouTube.

36.     In 2019, hop-hop recording artist, Peewee Longway also recorded a song about FIJI® brand water, also called "FIJI Water."  The official video of the song has been viewed more than 13 million times on YouTube.

37.     Hip-hop recording artist, Quavo, released the official music video for his song "How Bout That?" in 2018 with FIJI Water product and imagery on display throughout the video. This music video has now garnered more than 14.3 million views on YouTube.

38.     To date, FIJI has expended over $266 million in the U.S., for the marketing, advertising, sales and promotion of its FIJI® brand water product, making it one of the leaders in the worldwide bottled water industry.

39.     As a result of extensive marketing, sales and promotional efforts, FIJI® brand water is now the number one selling imported brand of bottled water in the United States and has sold well over 100 million cases of water in over a decade of existence.  The United States is by far the leading market for the sale of FIJI® brand water.  Of the 3.5 billion bottles of FIJI® sold worldwide since its inception, over 90% were sold in the United States.  The success of FIJI is due to both the quality, purity and taste of its water, and to its well-known FIJI® trademark.

**DEFENDANTS' UNAUTHORIZED USE OF FIJI's TRADEMARKS**

40.     In an effort to piggy-back on the fame and goodwill of the FIJI® brand, Defendants have commenced using the FIJI® trademark for coffee calling their

product "FIJI COFFEE".  Defendants' website, fijicoffee.us also promotes a soon to be released alcohol-based "FIJITINI" drink and a "FIJI COCOA" beverage.

41.    Defendant's website also promotes its FIJI COFFEE drink via a video that shows the Fijian Islands.  It specifically shows what purports to be a water fall and the words: "The World's Finest Water" appears over the video.   This is only a slight alteration of the well-known EARTH'S FINEST WATER® trademark owned and used extensively by FIJI not only on the bottles, but at the point of sale and in most advertising and marketing campaigns by FIJI.  Defendants' use of not one, but two of FIJI's most well-known trademarks, cannot be coincidence, but is rather an intentional scheme of copying to associate themselves with FIJI and the FIJI® brand.

42.    Both FIJI® brand water and Defendants' products are marketed to the same demographic in essentially the same trade channels, including on Amazon.com where Defendants currently sell their FIJI COFFEE product.  They are also low-cost goods for which consumers exercise a low degree of care.

43.    FIJI has been careful, skillful and diligent in conducting its business and maintaining uniform standards of high quality in its goods and services.  As a result of these efforts, the FIJI® Marks have acquired a public acceptance and reputation, thereby creating a very valuable public goodwill that inures to FIJI's benefit.

44.    Notwithstanding FIJI's rights in its FIJI® Marks, and with notice of FIJI's rights, Defendants have in the past, and are continuing to, intentionally and willfully advertise, distribute, and sell products which packaging and other point of sale material contain FIJI® Marks, which use FIJI has never authorized or consented to.

## **FIRST CLAIM FOR RELIEF**

(Trademark Infringement Pursuant to 15 U.S.C. § 1114)

45.    FIJI incorporates by reference Paragraphs 1 through 44 above as

though fully set forth herein.

46.     Defendants' product is infringing because Defendants have infringed both the FIJI® and EARTH's FINEST WATER® trademarks, by using FIJI, FIJITINI, FIJI COCOA, and THE WORLD'S FINEST WATER on their product or in connection with their product.

47.     Defendants' unauthorized use in commerce of FIJI's federally registered trademarks is likely to cause confusion, mistake, or to deceive the consuming public and trade by creating the erroneous impression that Defendants' products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with, FIJI.

48.     The imitation, copying, and unauthorized use of the FIJI® and EARTH'S FINEST WATER® trademarks causes irreparable injury to FIJI, including injury to its business reputation and the goodwill associated with these marks.

49.     By reason of the foregoing, Defendants have infringed FIJI's trademarks and have violated, and are continuing to violate, 15 U.S.C. Section 1114.

50.     FIJI has no adequate remedy at law for these injuries.  Moreover, unless Defendants are restrained by this Court from continuing this imitation, copying and unauthorized use of the FIJI® Marks, these injuries will continue to occur.  FIJI is entitled to an injunction restraining Defendants, their officers, agents, distributors and employees, and all persons acting in concert with them, from engaging in such further acts in violation of 15 U.S.C. Section 1116.

51.     By reason of Defendants' willful acts of trademark infringement, FIJI is entitled to damages and that those damages be trebled pursuant to 15 U.S.C. Section 1117.

52.     This is an exceptional case making FIJI eligible for an award of attorneys' fees under 15 U.S.C. Section 1117.

53.     FIJI is further entitled to recover from Defendants the damages it has

1  sustained and will sustain, and any gains, profits and advantages unfairly obtained

2  by Defendants as a result of Defendants' acts of infringement alleged above.  At

3  present, the amount of such damages, gains, profits and advantages cannot be fully

4  ascertained by FIJI.

5  **SECOND CLAIM FOR RELIEF**

6  (Trademark Infringement and False Designation of Origin

7  Pursuant to 15 U.S.C. § 1125(a))

8       54.    FIJI incorporates by reference Paragraphs 1 through 53 above as

9  though fully set forth herein.

10       55.    Defendants' product is infringing and Defendants are falsely

11  designating the origin of the Defendants brand because Defendants use the FIJI®

12  and EARTH's FINEST WATER® trademarks on or in connection with their

13  product.

14       56.     Defendants' use of the infringing trademarks has confused and is likely

15  to continue to cause confusion or to cause mistake, or to deceive the consuming

16  public into believing that Defendants' goods or services are authorized, sponsored or

17  approved by or are affiliate with FIJI.

18       57.    These acts constitute trademark infringement FIJI® Marks and false

19  designation of origin in violation of 15 U.S.C. Section 1125(a), entitling FIJI to

20  relief.

21       58.    By reason of Defendants' acts, FIJI is, and will continue to be,

22  irreparably harmed if Defendants are not enjoined.  FIJI's remedy at law is not

23  adequate to compensate it for the injuries inflicted, and FIJI is therefore entitled to

24  entry of injunctive relief pursuant to 15 U.S.C. Section 1116.

25       59.    The above-described acts of Defendants have irreparably harmed and,

26  if not enjoined, will continue to irreparably harm the general public, which has an

27  interest in being free from confusion, mistake and deception.

28       60.    Defendants have unfairly profited from the actions alleged and FIJI is

therefore entitled to recover from Defendants the damages sustained as a result of Defendants' acts in violation of 15 U.S.C. Section 1125(a).  FIJI is at present unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' acts.

61.     Further, because of the willful nature of Defendants' acts, FIJI is entitled to damages, and that those damages be trebled pursuant to 15 U.S.C. Section 1117.

62.     This is an exceptional case making FIJI eligible for an award of attorneys' fees pursuant to 15 U.S.C. Section 1117.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution)

63.     FIJI incorporates by reference Paragraphs 1 through 62 above as though fully set forth herein.

64.     Through extensive sales and marketing over a 20 year period, the distinctive FIJI® trademark is has become famous.

65.     Defendants' use in commerce of the distinctive and famous FIJI® trademark began after it became famous.

66.     Defendants' conduct causes and will continue to cause dilution of the distinctive quality and value of the famous FIJI® trademark by blurring and thus reducing the distinctiveness of  the FIJI® mark such that it is no longer uniquely associated with FIJI.

67.     Defendants' conduct is the result of willful and wanton disregard of FIJI's superior rights.  Defendants adopted, used, and continued to use the FIJI® trademark despite having notice of FIJI's rights.

68.     Plaintiffs are, and will continue to be, irreparably harmed if Defendants are not enjoined from its infringing and dilutive acts.  FIJI's remedy at law is not adequate to compensate it for the injuries inflicted, and FIJI is therefore entitled to entry of injunctive relief pursuant to 15 U.S.C. Section 1125(c).

69.     Defendants' actions have caused FIJI to suffer monetary damages in an amount to be proven at trial.

70.     Because of the willful, malicious and wanton nature of Defendants' acts, FIJI is entitled to treble damages pursuant to 15 U.S.C. Section 1117.

71.     FIJI is entitled to an award of its attorneys' fees pursuant to 15 U.S.C. Section 1117 because this is an exceptional case.

## FOURTH CLAIM FOR RELIEF

(Violation of California Unfair Competition Pursuant to Cal. Bus. & Prof. Code Section 17200 *et seq.*)

72.     FIJI incorporates by reference Paragraphs 1 through 71 above as though fully set forth herein.

73.     FIJI's water product is in direct competition with Defendants' coffee and coffee-based products.

74.     Defendants' willful, knowing and unauthorized use of the infringing mark in connection with its rum product is causing confusion as to the source of the goods and is causing harm to FIJI's goodwill.  Defendants' infringing use constitutes an unlawful appropriation of FIJI's exclusive rights in its FIJI® Marks.

75.     By selling their goods using infringing promotional material, Defendants are in violation of FIJI's proprietary rights, and are engaging in unfair competition as such acts constitute unlawful, unfair, and/or fraudulent business

practices in violation of California Business & Professions Code Section 17200 *et seq*.

76.    As a direct and proximate result of Defendants' wrongful conduct, FIJI has suffered injury in fact, which includes a loss of sales, damage to FIJI's goodwill with its existing, former and potential customers, and actual confusion between Defendants' product and FIJI's products and advertising.

77.    The harm these wrongful acts will cause to FIJI is imminent and irreparable.  As such, FIJI has no adequate remedy at law.

78.    Pursuant to California Business & Professions Code Section 17203, Defendants are required to disgorge and restore to FIJI all profits and property acquired by means of Defendants' unfair competition with FIJI.

79.    Pursuant to California Business & Professions Code Section 17203, FIJI is entitled to a preliminary and permanent injunction restraining Defendants, their respective officers, agents, employees, distributors and all persons acting in concert with them, from engaging in such unlawful conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.    That the Court enter judgment against each Defendant that:

    a.    Defendants infringed the rights of Plaintiffs in their federally registered FIJI® Marks in violation of 15 U.S.C. Section 1114;

    b.    Defendants infringed the rights of Plaintiffs in the FIJI® Marks in violation of 15 U.S.C. Section 1125;

    c.    Defendants diluted the FIJI® trademark;

    d.    Defendants engaged in unfair competition in violation of California Business & Professions Code Section 17200 *et seq*.

2.    That the Court enter judgment against each Defendant that the above acts, 1(a)-(d), were willful and intentional making this an exceptional case.

3.    That the Court issue a preliminary and permanent injunction enjoining

and restraining Defendants and their agents, servants, employees, successors, assigns and all other persons acting in concert or in conspiracy with or affiliated with Defendants from engaging in any infringing activity including advertising, promoting, marketing, franchising, distributing, selling, and offering for sale, any goods or services in connection with the infringing marks identified herein or any mark similar to Plaintiffs' FIJI® Marks.

4. That the Court issue a preliminary and permanent injunction requiring Defendants and their agents, servants, employees, successors, assigns and all other persons acting in concert or in conspiracy with or affiliated with Defendants to deliver up to Plaintiffs for destruction any and all packaging, advertising and promotional materials in Defendants' possession, custody or control, which contain the infringing marks and/or infringing trade dress.

5. That Plaintiffs be awarded damages for Defendants' trademark infringement, and for unfair competition under the Lanham Act, as well as for unfair competition under California common law.

6. That Plaintiffs be awarded all profits resulting from Defendants' infringement of Plaintiffs' rights and by means of Defendants' unfair competition with Plaintiffs.

7. That Defendants be ordered to account for and disgorge to Plaintiffs all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

8. That Plaintiffs be awarded damages resulting from Defendants' infringement in accordance with the provisions of 15 U.S.C. Section 1117.

9. That damages resulting from Defendants' infringement and unfair competition under the Lanham Act be trebled due to Defendants' willfulness, in accordance with the provisions of 15 U.S.C. Section 1117.

10. That Plaintiffs be awarded exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to

1    the community.

2          11.     That Plaintiffs be awarded an amount sufficient to reimburse Plaintiffs

3    for the costs of corrective advertising.

4          12.     For pre-judgment interest on all infringement and other appropriate

5    damages.

6          13.     That the Court find this case to be exceptional and award Plaintiffs

7    their reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117, California law,

8    and any other applicable provision of law.

9          14.     That the Court award Plaintiffs their costs of suit incurred herein.

10         15.     For such other or further relief as the Court may deem just and proper.

11

12   DATED:  December 20, 2023          ROLL LAW GROUP PC

13

14                                  By:      */s/ Michael M. Vasseghi*

15                                      Michael M. Vasseghi

16                                      Attorneys for Plaintiffs FIJI Water

17                                      Company LLC and Fiji Water Company
     PTE LTD

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

3 hereby demand a trial by jury on all issues properly triable by jury.

4

5 DATED:  December 20, 2023       ROLL LAW GROUP PC

6

7

8                               By:    _/s/ Michael M. Vasseghi_

9                                      Michael M. Vasseghi

10                                     Attorneys for Plaintiffs FIJI Water
                                       Company LLC and Fiji Water Company
                                       PTE LTD

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

For assistance with TSDR, email teas@uspto.gov and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

**STATUS**    **DOCUMENTS**    **MAINTENANCE**    _Back to Search_    Print

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2023-12-11 17:01:30 EST |
| **Mark:** | FIJI |

**FIJI**

| | | | |
|---|---|---|---|
| **US Serial Number:** | 76162278 | **Application Filing Date:** | Nov. 10, 2000 |
| **US Registration Number:** | 2703620 | **Registration Date:** | Apr. 08, 2003 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Offic

| | |
|---|---|
| **Status:** | The registration has been renewed. |
| **Status Date:** | Apr. 30, 2013 |
| **Publication Date:** | Jan. 14, 2003 |

## Mark Information

## Related Properties Information

## Goods and Services

**Note:**

The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | NATURAL, SPRING AND ARTESIAN WATER FOR DRINKING | | |
| **International Class(es):** | 032 - Primary Class | **U.S Class(es):** | 045, 046, 048 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | May 16, 1997 | **Use in Commerce:** | May 17, 1997 |

## Basis Information (Case Level)

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | FIJI WATER COMPANY PTE. LTD. |
| **Owner Address:** | 11444 WEST OLYMPIC BLVD., 7TH FLOOR |
| | LOS ANGELES, CALIFORNIA UNITED STATES 90064 |

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | PRIVATE COMPANY LIMITED BY SHARES | **State or Country Where Organized:** | SINGAPORE |

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

For assistance with TSDR, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

STATUS    DOCUMENTS    MAINTENANCE      <u>Back to Search</u>      Print

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2023-12-11 17:05:22 EST |
| **Mark:** | EARTH'S FINEST WATER |

## EARTH'S FINEST WATER

| | | | |
|---|---|---|---|
| **US Serial Number:** | 86282902 | **Application Filing Date:** | May 15, 2014 |
| **US Registration Number:** | 5098104 | **Registration Date:** | Dec. 13, 2016 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |



| | |
|---|---|
| **TM5 Common Status Descriptor:** | LIVE/REGISTRATION/Issued and Active |
| | The trademark application has been registered with the Offic |
| **Status:** | A Sections 8 and 15 combined declaration has been accepted and acknowledged. |
| **Status Date:** | Jun. 14, 2023 |
| **Publication Date:** | Jun. 28, 2016 |

## Mark Information

## Related Properties Information

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Artesian water; Bottled artesian water; Bottled drinking water; Bottled water; Drinking water | | |
| **International Class(es):** | 032 - Primary Class | **U.S Class(es):** | 045, 046, 048 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Feb. 2015 | **Use in Commerce:** | Feb. 16, 2015 |

## Basis Information (Case Level)

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | FIJI WATER COMPANY PTE. LTD. |
| **Owner Address:** | 11444 WEST OLYMPIC BLVD., 7TH FLOOR |
| | LOS ANGELES, CALIFORNIA UNITED STATES 90064 |

| Legal Entity Type: | PRIVATE COMPANY LIMITED BY SHARES | State or Country Where Organized: | SINGAPORE |

**Attorney/Correspondence Information**

**Prosecution History**

**TM Staff and Location Information**

**Assignment Abstract Of Title Information - Click to Load**

**Proceedings - Click to Load**